```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :   25 Crim. 237 (LGS)
                -against-                                   :
                                                            :   OPINION AND ORDER
COREY MOBLEY                                                :
                                Defendant.                  :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

In an Indictment dated May 21, 2025, Defendant Corey Mobley was charged with one count of possession of a firearm following a felony conviction, in violation of 18 U.S.C. § 922(g)(1). Defendant moves to dismiss the Indictment, contending that § 922(g)(1) is unconstitutional facially and as applied to him. For the reasons below, the motion is denied.

I. BACKGROUND

The following facts are taken from the Complaint, sworn to by New York City Police Detective Jama Joseph.

Officers of the New York City Police Department arrested Defendant early in the morning of March 8, 2025. During a search incident to that arrest, the officers recovered a loaded firearm. Defendant has at least two prior felony convictions. In 2019, Defendant pleaded guilty to possession of a firearm following a felony conviction in violation of 18 U.S.C. § 922(g)(1). In 2022, Defendant pleaded guilty to attempted criminal possession of a weapon in violation of New York Penal Law § 265.02(5), which bars possession of three or more firearms or possession of a firearm after a felony or class A misdemeanor offense within the past five years, where the possession did not take place in the person's home or place of business. Defendant now moves to dismiss the Indictment on the ground that his current prosecution under § 922(g)(1) violates the Second Amendment to the United States Constitution.

## II. LEGAL STANDARD

The Second Amendment recognizes "an individual right to keep and bear arms for self-defense."[1] *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1, 17 (2022). In analyzing a law's constitutionality under the Second Amendment, courts must first consider whether "the Second Amendment's plain text covers an individual's conduct" that the law restricts. *Id.*; *accord Nat'l Ass'n for Gun Rts. v. Lamont*, --- F.4th ---, No. 23-1162, 2025 WL 2423599, at *10 (2d Cir. Aug. 22, 2025), *cert. petition docketed*, No. 25-421 (Oct. 3, 2025). If so, "the Constitution presumptively protects that conduct" and the burden shifts to the government to show that the law "is consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17; *accord Zherka v. Bondi*, 140 F.4th 68, 73 (2d Cir. 2025).

To succeed on a facial challenge to a law's constitutionality, a defendant "must establish that no set of circumstances exists under which the law would be valid, or show that the law lacks a plainly legitimate sweep." *Antonyuk v. James*, 120 F.4th 941, 983 (2d Cir. 2024), *cert. denied*, 145 S. Ct. 1900 (2025). To succeed on an as-applied challenge, a defendant must establish that the law's application to the facts of that defendant's case violates the Constitution. *See United States v. Rahimi*, 602 U.S. 680, 693 (2024) (holding subsection of § 922(g) constitutional as applied to the facts of defendant's case and therefore facially).

## III. DISCUSSION

Defendant makes both facial and as-applied challenges to 18 U.S.C. § 922(g)(1). Both challenges fail because § 922(g)(1) is constitutional on its face and as applied to Defendant.

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, footnotes and citations are omitted, and all alterations are adopted.

### A. Facial Challenge

Defendant argues that § 922(g)(1) is facially unconstitutional because it is not, as *Bruen* requires, consistent with "this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. Specifically, Defendant argues that § 922(g)(1) fails *Bruen*'s test because "broad-sweeping felon disarmament laws did not exist at the founding," and in fact, at the time the Second Amendment was adopted, New York state law required "every able-bodied Male" to possess a firearm for militia service.

The Second Circuit's decision in *Zherka*, decided after *Bruen*, forecloses these arguments. In *Zherka*, the Second Circuit upheld the facial validity of § 922(g)(1) because the law, which disarms people with prior felonies on a class-wide basis, is consistent with a legal tradition that predates the Founding allowing disarmament of large classes of people "perceived as dangerous" "based on their status alone." *Zherka*, 140 F.4th at 85. The lack of direct historical analogues to § 922(g)(1) is not dispositive because the Government need not show that its firearm regulation has a "dead ringer" or "historical twin" for the regulation to pass constitutional muster. *Id.* at 78, 81 (quoting *Rahimi*, 602 U.S. at 692). In *Zherka*, the Second Circuit explained that the lack of direct historical analogues to modern felon-in-possession laws is unsurprising because, through the nineteenth century, "legislatures imposed the death penalty and total estate forfeiture as punishments for the commission of felonies." *Id.* at 81. There, the court concluded that historical laws disarming people on a class-wide basis were sufficiently analogous to § 922(g)(1) for § 922(g)(1) to pass constitutional muster. *Id.* at 85. The Second Circuit's holding and reasoning in *Zherka* squarely control here, compelling rejection of Defendant's facial challenge.

### B. As-Applied Challenge

Defendant also argues that § 922(g)(1) is unconstitutional as applied to him because his "prior felony convictions are either non-violent or extremely dated." Binding precedent also forecloses this challenge. In *Zherka*, the Second Circuit held that § 922(g)(1) is constitutional as applied to people with solely non-violent felony convictions. *Id.* at 93. *Zherka* further cautioned against sustaining any as-applied challenges to § 922(g)(1), warning that "any effort by the courts to craft a line that would separate some felons from others is fraught with peril" and would, in fact, be "inconsistent with the historical tradition permitting class-based legislative judgments." *Id.* at 94. *Zherka* therefore casts doubt on whether § 922(g)(1) is susceptible to as-applied challenges.

Even if *Zherka* does not squarely control here, Defendant's as-applied arguments are unpersuasive. First, Defendant has at least two prior felony convictions for unlawful possession of a firearm. The historical tradition of firearm regulation in the United States justifies laws "disarm[ing] people deemed dangerous to the physical safety of others," *see United States v. Simmons*, 150 F.4th 126, 133 (2d Cir. 2025), and people who "lack[] the character of temperament necessary to be entrusted with a weapon," *see Zherka*, 140 F.4th at 94 (quoting *Bruen*, 597 U.S. at 13 n.1); *id.* at 77 (holding application of § 922(g)(1) to defendant previously convicted of non-violent financial felony constitutional). Laws disarming people who have previously violated firearm regulations are consistent with either historically supported justification, as a legislature may permissibly deem it unsafe for people who have possessed firearms in violation of law to possess firearms in the future.

Second, the age of some of Defendant's convictions does not render the application of § 922(g)(1) unconstitutional. As discussed above, Defendant's most recent felony conviction in

4

2022 for possession of a firearm is sufficient for § 922(g)(1) to be constitutional as applied to him.  Further, as the Second Circuit explained in *Zherka*, there is a historical tradition of legislatures disarming large groups of people perceived to be dangerous -- even based on immutable characteristics -- on a class-wide basis.  *Id.* at 85, 90-91.  Here, unlike historical examples based on immutable characteristics, Defendant's disarmament is a result of his "prior conduct, formally admitted or proven beyond a reasonable doubt, that constitutes a serious violation of the law," even if that violation is dated.  *Id.* at 91.  Finally, exempting defendants from § 922(g)(1)'s prohibitions based on the age of their convictions would lead to similar line-drawing problems as those the Second Circuit warned against in *Zherka* -- in effect, requiring courts to assess the period of time required after a conviction before a defendant's disarmament becomes unconstitutional.  *Id.* at 94.  Accordingly, the Second Amendment does not compel § 922(g)(1) to exempt defendants based on the age of their convictions.

## IV.  CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss the Indictment is **DENIED**.

Dated: October 17, 2025
         New York, New York

                                    _____
                                         LORNA G. SCHOFIELD
                                    UNITED STATES DISTRICT JUDGE